UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION           MDL No. 1720


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407(c), defendants[1] move to transfer the action listed on Schedule A (*Salveson*) to the Eastern District of New York for inclusion in MDL No. 1720. The *Salveson* plaintiffs oppose the motion.

In opposing transfer, plaintiffs principally argue that their action presents unique factual questions because it involves a putative class of cardholders who received Visa and MasterCard payment cards from defendants, while the plaintiffs in the MDL are merchants. They also note that they have not sued Visa and MasterCard,[2] who are the principal defendants in MDL No. 1720. We are not persuaded that these arguments compel vacatur. The *Salveson* plaintiffs allege the same anticompetitive conduct concerning the establishment of interchange fees and associated rules as the plaintiffs in MDL No. 1720. Visa and MasterCard are not named as defendants, but the *Salveson* plaintiffs allege that they are co-conspirators that acted in concert with the same bank entities who are defendants in MDL No. 1720. As we often have held, transfer does not require a complete identity of parties. *See In re: Bank of New York Mellon Corp. Foreign Exchange Transactions Litig.*, 857 F. Supp. 2d 1371, 1373 (J.P.M.L. 2012). Nor does it require a complete identity of common factual issues, and the presence of additional facts or differing legal theories is not significant when, as here, the actions arise from a common factual core. *See, e.g., In re: Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012).

---

[*] Judge Lewis A. Kaplan took no part in the decision of this matter. Certain Panel members who could be members of the putative class in this docket have renounced their participation in the class and have participated in the decision.

[1] JP Morgan Chase & Co.; J.P. Morgan Bank, N.A.; Bank of America Corporation; Bank of America, N.A.; Capital One F.S.B.; Capital One Financial Corporation; Capital One Bank; HSBC Finance Corporation; HSBC Bank USA, N.A.; HSBC North American Holdings Inc.; and HSBC Holdings, PLC.

[2] Visa Inc., Visa U.S.A. Inc., and Visa International Service Association (collectively, "Visa") and MasterCard Incorporated and MasterCard International Incorporated (collectively, "MasterCard").

-2-

Plaintiffs also argue that transfer will not facilitate coordination of discovery or conserve judicial resources because discovery in the MDL is almost complete. This argument fails to recognize recent developments in MDL No. 1720. Over 30 new actions have been transferred or directly filed in the MDL over the past year, and the transferee court recently established a separate track for the new actions to ensure coordinated pretrial proceedings. The *Salveson* action, which is at the same stage, will benefit from those coordinated proceedings.[3]

After considering all argument of counsel, we find that this action involves common questions of fact with the actions previously transferred to MDL No. 1720, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set out in our order directing centralization. In that order, we held that the Eastern District of New York was an appropriate Section 1407 forum for actions arising out of allegations "that the imposition of a no-surcharge rule and/or the establishment of the interchange fee causes the merchant discount fee to be set at supracompetitive levels in violation of the federal antitrust laws." *See In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 398 F. Supp. 2d 1356, 1358 (J.P.M.L. 2005). This action involves substantially similar factual allegations, and thus falls squarely within the subject matter of the MDL.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of New York and, with the consent of that court, assigned to the Honorable John Gleeson for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell     Charles R. Breyer
Sarah S. Vance     Ellen Segal Huvelle
R. David Proctor

---

[3] Plaintiffs also contend that defendants waived their right to seek transfer under Section 1407. The Panel finds no evidence of waiver in the exhibits submitted by plaintiffs. In any event, the Panel has authority to transfer potential tag-along actions upon its own initiative. *See* 28 U.S.C. § 1407(c).

IN RE: PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION          MDL No. 1720

## SCHEDULE A

Northern District of California

SALVESON, ET AL. v. JP MORGAN CHASE & CO., ET AL., C.A. No. 4:13-05816

1:14-cv-03529     (JG)(JO)   EDNY Number



A TRUE COPY ATTEST

DATED: 06/04/2014

DOUGLAS C. PALMER
CLERK OF COURT

BY: S/August Marziliano
Case Administration Supervisor